## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| ALYSSA CLARK, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| H AND S OF AUGUSTA INC. d.b.a. MIYAKO SUSHI AND STEAKHOUSE, and WEI LIN, | ) ) ) ) ) | COLLECTIVE ACTION COMPLAINT |
| Defendants. | ) | |

## <u>COLLECTIVE ACTION COMPLAINT</u>

Plaintiff Alyssa Clark ("Plaintiff"), by and through counsel, files this Collective Action Complaint against Defendants H and S of Augusta Inc. d.b.a. Miyako Sushi and Steakhouse ("Miyako") and Wei Lin ("Lin") (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.

In support of her claim, Plaintiff asserts as follows:

## <u>INTRODUCTION</u>

1.      This lawsuit arises because Defendants improperly withheld Plaintiff's and other similarly situated employees' tips in violation of the FLSA and

Defendants' failure to properly calculate and pay Plaintiff's and other similarly situated employees' minimum wages during the period three years prior to the filing of this lawsuit.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Southern District of Georgia pursuant to 28 U.S.C. § 1391. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

3. Plaintiff Clark is a resident of Georgia in this judicial district and division.

4. Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. § 201 et seq. and 29 U.S.C. § 203(e).

5. Plaintiff consents to be a party and opt-in Plaintiff in this lawsuit and to represent the collective class adequately. *See* Exhibit 1, Plaintiff's Declaration and Consent.

6. Defendant Miyako is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 2801 Washington Rd Ste 100, Augusta, GA, 30909.

7.      Defendant Miyako's registered agent for service of process is Wei Lin, 2801 Washington Rd Ste 100, Augusta, GA, 30909.

8.      Miyako had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

9.      At all relevant times, Defendant Lin was the owner, general manager, and/or primary decision maker for Miyako.

10.     Defendant Lin can be served at 2014 Glennfield Ln, Augusta, GA, 30909.

11.     At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a). Defendants gross revenue exceeds $500,000 per year.

12.     Defendants employed Plaintiff throughout the relevant period.

**FACTUAL BASIS OF PLAINTIFF'S CLAIMS**

13.     Defendants own and operate Miyako Sushi and Steakhouse restaurant located at 2801 Washington Rd Ste 100, Augusta, GA, 30909 (the "Restaurant").

**A. Defendant Lin is Individually Liability for the FLSA Violations.**

14.     At all relevant times, Defendant Lin was the owner, general manager, and/or primary decision maker for Miyako; had control and direction over workplace conditions, operations, personnel, and compensation including making

hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; and approved Plaintiff's hours and days off.

15.     At all relevant times, Defendant Lin as an owner, general manager, and/or primary decision maker for Miyako, made the decision of what to pay Plaintiff and to withhold minimum wage compensation in violation of the FLSA.

16.     At all relevant times, Defendant Lin exercised sufficient control over Plaintiff to cause Defendant Lin to be individually liable for the FLSA violations.

**B. Plaintiff and other Servers' Employment with Defendants.**

17.     Plaintiff was employed by Miyako as a server at the Restaurant.

18.     Defendants hired Plaintiff in approximately March 2020.

19.     Plaintiff's employment with Defendants ended in approximately October 2022.

20.     At all relevant times, Plaintiff and other Servers were "employees" of Defendants as that term is used in 29 U.S.C. § 203(e)(1).

21.     At all relevant times, Defendants employed, and/or continues to employ, Plaintiff and other Servers within the meaning of the FLSA.

22.     Plaintiff and other Servers employed by Defendant were similarly situated, with similar job duties and responsibilities, and with similar pay structures.

23.     At all relevant times, Plaintiff and other Servers were non-exempt employees for Defendants.

**C. Defendants Denied Plaintiff and other Servers Earned Wages.**

24.     At all relevant times, Defendants paid Plaintiff and other Servers a tip credit wage (less than minimum wage) for all hours worked at the Restaurant.

25.     Federal law permits Defendants to pay employees less than the minimum wage so long as they are working a tipped occupation and able to earn tips.

**i.     Plaintiff and other Servers' Improperly Withheld Tips.**

26.     Defendants improperly deducted a flat rate of all gross sales from Plaintiff and other Servers' tips.

27.     Federal law permits Defendants to deduct credit card fees from tipped employees' credit card tips. However, this deduction must be the same rate that Defendants pays in credit card fees and may only be applied to the employee's tips, not the gross sales.

28.     Defendants improperly required Plaintiff and other Servers to pay the credit card fees for the Restaurant's gross sales, rather than just the credit card fees applicable to Plaintiff and other Servers' tips.

29.     Merchants are not allowed to charge more than 4% of each transaction as a credit card processing fee.

30.     Defendants improperly required Plaintiff and other Servers to pay excessive credit card fees (over 4%).

31.     Defendants willfully and/or deliberately withheld Plaintiff's and other Servers' tips in violation of the FLSA.

32.     Defendants maintained records of gross sales and tips that Plaintiff and other Servers earned at the Restaurant.

### ii.    Wage claims for non-customer service duties.

33.     Federal law prohibits Defendants from utilizing the tip credit when requiring employees to perform non-tip-producing tasks that are not contemporaneous with tip-producing activities or are not for reasonable times immediately before or after performing contemporaneous tipped activities.

34.     While employed as a servers, Plaintiff and other Servers were routinely assigned opening and closing duties that included non-tipped, maintenance-type, food prep, cleaning, and non-customer service duties while employed by Defendants.

35.     These opening and closing duties were not contemporaneous with customer service, were substantial, and amounted to a separate, non-tipped occupation.

36.     These opening and closing duties were not contemporaneous with customer service duties.

37.     These opening and closing duties were performed both before and after customer service and for extensive periods of time that were not reasonable

times immediately before or after tipped activities.

38.    Plaintiff and other Servers' opening and closing server duties extended to the entire restaurant beyond areas where they served customers.

39.    Plaintiff's and other Servers' mandatory opening and closing server duties consumed a substantial portion of the workday, were more than "part of the time" that Plaintiff and other Servers worked, were for times longer than a few minutes, and longer than de minimis time periods.

40.    The opening duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time before serving customers and before the restaurant opened.

41.    The closing duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time after serving customers and after the restaurant closed.

42.    Such opening and closing duties included, but were not limited to: extensive cleaning throughout the Restaurant and in areas unrelated to server stations; making and stocking salads and soups; restocking dressings and sauces; clean and restock condiments; cleaning under tables and booths; cleaning the server alley and to-go station; cleaning and restocking the hibachi area; polish and roll silverware; sweeping floors in the Restaurant and kitchen; cleaning and restocking the drink station; cleaning and restocking the server station; cleaning trays and

chairs; cleaning and restocking bathrooms.

43.    There was a clear dividing line between Plaintiff and other Server's customer service duties and Plaintiff and other Server's non-customer service, opening and closing duties, particularly because extensive non-customer service duties were required before and after the restaurant was open, and before Plaintiff and other Servers were assigned a customer and after Plaintiff and other Servers' customers were served.

44.    While employed as a server and serving customers, Plaintiff and other Servers were routinely assigned contemporaneous duties that included non-tipped, maintenance-type, managerial, food prep, cleaning and non-customer service duties while employed by Defendants.

45.    Plaintiff and other Server's non-serving duties accounted for over 20% of their time working at the Restaurant on any workday.

46.    The contemporaneous duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time during Plaintiff and other Server's shift.

## COLLECTIVE ACTION ALLEGATIONS

47.    Plaintiff brings this case on her own behalf and as an "opt-in" collective action on behalf of the following class of employees (the "Collective Class") pursuant to 29 U.S.C. § 216(b):

All persons who, during the period beginning three years prior to the filing date of this Complaint, were employed by Defendant H and S of Augusta Inc. d.b.a. Miyako Sushi and Steakhouse as a Server and had their tips improperly withheld and/or were improperly paid less than minimum wage.

48.     Plaintiff, on behalf of herself and Collective Class members, seeks relief on a collective basis challenging Defendants' improper withholding of Plaintiff's and other Servers' tips and improper use of the tip-credit in violation of the FLSA.

49.     The Collective Class is so numerous that joinder of all members is impracticable.  It is believed that the Collective Class includes over forty persons.

50.     Plaintiff's claims and experiences are typical of that of the Collective Class members.

51.     Plaintiff will fairly and adequately protect the interests of the Collective Class and has retained counsel that are experienced and competent in the fields of employment law and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with those of the Collective Class members.

52.     This Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is not practical.  The cost of litigation compared to the anticipated damages make it more efficient to adjudicate this matter as a Collective Action.

53.     Common questions of law and fact predominate in this action,

including but not limited to:

    a.  Identification of all persons in the Collective Class; and

    b.  Whether Defendants improperly withheld Plaintiff's and other Servers'

       tips in violation of the FLSA.

54.   Plaintiff has given her written consent to become a party Plaintiff in this collective action under the FLSA. Plaintiff's written consent is attached hereto as "Exhibit 1."

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

55.   Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

56.   At all relevant times, Defendants were Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57.   At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

58.   At all relevant times, Defendants improperly withheld Plaintiff's and other Servers' tips in violation of the FLSA.

59.   At all relevant times, Defendants improperly took a tip credit against Plaintiff's and other Servers' wages.

60.     At all relevant times, Defendants failed to compensate Plaintiff and other Servers at the applicable federal minimum wage.

61.     As a result of Defendant's willful failure to pay Plaintiff and other Servers the appropriate wage, Defendant violated the FLSA, 29 U.S.C. §§ 206 and 215(a).

62.     Defendants' conduct of failing to pay minimum wage constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63.     Due to Defendants' FLSA violations, Plaintiff and other Servers were damaged and are entitled to recover from Defendants compensation for unpaid minimum wage; improperly withheld tips; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and request that this Court grant the following relief against Defendants:

A.     Designation of this action as a collective action on behalf of the Plaintiff and Collective Class members;

B.     Prompt issuance of notice to all Collective Class members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Opt-In, and appointing Plaintiff and her counsel to represent the Collective Class

members;

C.      Award of all unpaid wages, including but not limited to, all unpaid

minimum wage compensation and improperly withheld tips, due under

the FLSA to Plaintiff and the Collective Class members;

D.      Award of liquidated damages to the Plaintiff and Collective Class

members;

E.      Award of costs and expenses of this action together with reasonable

attorneys' and expert fees; and

F.      Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by this Complaint.


Respectfully submitted this November 16, 2022.

HALL & LAMPROS, LLP

/s/ *Gordon Van Remmen*
Gordon Van Remmen
Georgia Bar No. 215512
Grace A. Starling
Georgia Bar No. 464958

300 Galleria Parkway, Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile

gordon@hallandlampros.com
grace@hallandlampros.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| ALYSSA CLARK, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| H AND S OF AUGUSTA INC. d.b.a. MIYAKO SUSHI AND STEAKHOUSE, and WEI LIN, | ) ) ) ) | |
| Defendants. | ) | |

## <u>DECLARATION AND CONSENT TO BECOME A PLAINTIFF</u>

     I hereby give my consent to be a party and opt-in plaintiff in this lawsuit *Clark v. H and S of Augusta Inc. d.b.a. Miyako Sushi and Steakhouse, and Wei Lin*, United States District Court for the Southern District of Georgia, which is a collective action under the Fair Labor Standards Act ("FLSA") against my employer for unpaid wages, liquidated damages, costs and attorney's fees. I was employed at H and S of Augusta Inc. and am similarly situated as other opt-in claimants. I agree to represent the Collective Class adequately. I agree to be bound by any settlement or judgment of the Court in this action.

DocuSigned by:

*Alyssa Clark*

6FE6CF36BD7C4E1...

_____
Signature

Alyssa Clark

_____
Printed Name

11/15/2022

_____
Date