IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ALYSSA CLARK, on behalf of          *
herself and all others             *
similarly situated,                *
                                   *
        Plaintiff,                 *
                                   *
        v.                         *          CV 122-147
                                   *
H AND S OF AUGUSTA INC. d/b/a      *
MIYAKO SUSHI AND STEAKHOUSE        *
and WEI LIN,                       *
                                   *
        Defendants.                *

---

**O R D E R**

---

Before the Court is the Parties' joint renewed motion to approve settlement (the "Joint Motion"). (Doc. 44.) Pursuant to Eleventh Circuit precedent and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as amended, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). On March 10, 2026, the Court denied the Parties' original motion for settlement approval. (Doc. 42, at 9.) The Parties now submit the Joint Motion (Doc. 44), amended agreement (the "Settlement Agreement") (Doc. 44-1), and a second declaration of Attorney Gordon Van Remmen (the "Declaration") containing itemized billing records, damages calculations for each Plaintiff, and an

explanation of the overall settlement calculations (Doc. 44-2). For the following reasons, the Parties' Joint Motion (Doc. 44) is **GRANTED**.[1]

## I. DISCUSSION

The Court previously found the presence of a bona fide dispute. (Doc. 42, at 4.) However, the Court denied the Parties' original motion because the Parties failed to provide sufficient evidence for the Court to determine whether the requested settlement amount and attorneys' fees were fair and reasonable. (Id. at 4-9.) The Court reviews the Settlement Agreement for these deficiencies.

### A. Fairness and Reasonableness of Settlement Amount

"[W]here a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim." Gerena v. Cato Env't Servs., Inc., No. 6:07-CV-1540, 2009 WL 975537, at *2 (M.D. Fla. Apr. 9, 2009). Defendants agreed to pay a total of $25,000.00, with $10,200.00 in damages allocated among Plaintiffs based on each employee's length of employment and total shifts worked, $8,531.69 for attorneys' fees, and $6,268.31 for litigation costs and expenses.[2] (Doc. 44-1, at 3-4.)

---

[1] Because the Joint Motion is granted and the action is dismissed, Defendants' pending motion in limine (Doc. 40) is **DENIED AS MOOT**.

[2] The Parties state the $10,200.00 will be divided as follows: $3,000.00 to Alyssa Clark, comprised of $500.00 for wage damages and $2,500.00 in liquidated damages; $2,500.00 to Amanda Stewart, comprised of $500.00 for wage damages and

Courts have considered several factors in determining whether a FLSA settlement is fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010) (citations omitted). Courts, however, apply a strong presumption of fairness to FLSA settlements. Kyles v. Health First, Inc., No. 6:09-CV-1248, 2010 WL 11626713, at *2 (M.D. Fla. Oct. 26, 2010) (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The Court previously found no evidence of fraud and collusion or lack of independent representation. (Doc. 42, at 6.) The Parties state they "do not abandon their respective positions," so the Court finds the complexity, expense, and likely duration of the litigation supports the fairness of the Settlement Agreement because the Parties would face additional expenses as the case continued. (Doc. 44-1, at 2.) As to the stage of the proceedings, the Parties notified the Court that the case had settled one day

---

$2,000.00 in liquidated damages; $2,100 to Shaterria Proctor, comprised of $500.00 for wage damages and $1,600.00 in liquidated damages; and $2,600.00 to Passion Golden, comprised of $500.00 for wage damages and $2,100.00 in liquidated damages.

3

before their scheduled mediation and less than a month before trial. (Doc. 44, at 2.)

Plaintiff's counsel provided an accounting of each employee's damages based on Defendants' time clock records and calculations for each Plaintiff's total unpaid wages. (Id. at 3, 4.) The Declaration contains information on each Plaintiff, including dates of employment, number of shifts worked, applicable tip credit and minimum wage rates, estimated unpaid wages, and potential liquidated damages exposure. (Id.; Doc. 44-2, at 21-43.) The Declaration states that the total unpaid wages are $1,546.13 for Alyssa Clark; $1,282.50 for Amanda Stewart; $1,083.00 for Shaterria Proctor; and $1,332.38 for Passion Golden. (Doc. 44-2, at 21, 27, 33, 39.)

Based on the potential value of the claim, the Parties state that "these settlement amounts represent a reasonable compromise of each Plaintiff's estimated damages in light of the contested factual and legal issues, the litigation risks attendant to trial and appeal, and the results of the Court's summary judgment ruling." (Doc. 44, at 5.) Further, Plaintiff's counsel "believes the settlement amount and terms represent a fair and reasonable resolution of a bona fide dispute under the FLSA." (Doc. 44-1, at 2.) As such, both the Plaintiff's possible recovery and the opinions of counsel weigh in favor of finding the Settlement Agreement fair and reasonable. After consideration of the above

4

factors, the Court finds the settlement amount of $25,000.00 to be fair and reasonable.

## B. Attorney's Fees and Costs

The Court next turns to the proposed attorney's fees and costs, which it did not approve previously due to a lack of documentation as to how the attorney's fees were computed. (Doc. 42, at 8.) When a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. at 351. The district court determines what fee is reasonable by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this formula is the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Generally, the relevant legal community is

5

that of the place where the case is filed. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market for this Court is the Augusta legal market, where the reasonable rate for more experienced attorneys is $450/hour, for other attorneys is $315/hour, and for paralegals is $150/hour. See Jackson v. Johnson, No. CV 123-074, Doc. 18 (S.D. Ga. Aug. 31, 2024); Whitesell Corp. v. Electrolux Home Prod., Inc., No. CV 103-050, 2021 WL 9316401, at *2 (S.D. Ga. July 20, 2021). When determining the lodestar, both the hours expended and the hourly rate must be reasonable. See Hensley, 461 U.S. at 433.

The Court directed the Parties to submit additional information to allow the Court to determine whether the attorney's fees and costs are fair and reasonable. (Doc. 42, at 8-9.) Plaintiff has provided itemized time records for all the work Plaintiff's counsel, Gordon Van Remmen and Christopher Hall, performed in this matter. (Doc. 44-2, at 13, 15-19.) The records show that Attorney Van Remmen spent 119.50 hours working on this case. (Id. at 13.) Attorney Hall's billed time was not included in the attorneys' fees or lodestar calculations. (Id. at 7.) The Settlement Agreement awards Plaintiff's counsel $8,531.69 in attorneys' fees and $6,268.31 in costs. (Doc. 44-1, at 6.) Once again, the Court notes a discrepancy between the Settlement Agreement and the Declaration, where Attorney Van Remmen states the attorneys' fees total $8,432.80 and costs total $6,367.20.

6

(Doc. 44-2, at 6.)    The unlike amounts were not corrected as requested in the Court's March 10, 2026 Order.    (Doc. 42, at 9.) Nonetheless, because both configurations achieve the same total, $14,800.00, the Court will not require a third attempt to document the correct amount.

Attorney Van Remmen represents that his rate is $375/hour. (Doc. 44-2, at 11.)    Further, Attorney Van Remmen calculates the lodestar at $44,812.50 for the 119.5 hours worked.    (Id. at 13.) Based on the above reasonable rate for experienced attorneys in the Augusta market, the Court approves Plaintiff's hourly rate.

The Court now turns to the amount of time for which Plaintiff's attorney seeks to be compensated by reviewing the itemized time and billing records.    (Doc. 44-2, at 13-19.)    A review of the time expended reveals Plaintiff's requested number of hours is reasonable.    (Id.)    Therefore, the Court finds the total hours spent to be reasonable and takes no issue with the total amount of attorney's fees and costs requested in the Settlement Agreement.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Parties' Joint Motion (Doc. 44) and approves the Settlement Agreement (Doc. 44-1). The Parties stipulate to the dismissal of this action with prejudice upon approval of the Settlement Agreement.    (Doc. 44, at

1.)   Accordingly, **IT IS HEREBY ORDERED** that this matter is **DISMISSED WITH PREJUDICE.** The Clerk is **DIRECTED to TERMINATE** all other motions and deadlines, if any, and **CLOSE** this case.

ORDER ENTERED at Augusta, Georgia, this 27th day of April, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

8